IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER VALENCIA,

    Plaintiff,

vs.                                                  No. CV 17-00509 RB/SCY

THE BOARD OF REGENTS, University
of New Mexico, ROBERT FRANK, in his individual
capacity, CHAOUKI ABDALLAH, in his individual
capacity, CAROL PARKER, in her individual capacity,
MARK PECENY, in his individual capacity, LES
FIELD, in his individual capacity, RONDA
BRULOTTE, ERIN DEBENPORT, LINDSAY
SMITH, FRANCIE CORDOVA, in her individual
capacity, LAURA LYNN BUCHS, in her individual
capacity, HEATHER COWAN, in her individual capacity,
AARON JIM, in his individual capacity, ALEXANDRA
TACEA, KAYLA AHMED, DANIELLE KABELLA,
JOE SCEARCE, LAURA MORRIS, JULIA FULGHUM,
in her individual capacity, ALBERT SENA, DENNIS
OLGUIN, and SARAH LEISTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss and Alternatively for a More Definite Statement (Doc. 26), filed on June 8, 2017. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367. After finding that Plaintiff Christopher Valencia's complaint violates Rule 8 of the Federal Rules of Civil Procedure, the Court dismisses the complaint without prejudice. Mr. Valencia has 21 days to file an amended complaint that complies with Rule 8.

**I.    BACKGROUND**

The University of New Mexico (UNM) fired Plaintiff Christopher Valencia for cause after investigating Mr. Valencia for sexual misconduct with students. (Doc. 1 ¶¶ 120, 123.) In

response, Mr. Valencia sued UNM's Board of Regents, along with 21 other defendants, (collectively, "Defendants") for monetary damages. (Doc. 1 at 34–56.) Specifically, Mr. Valencia alleged that Defendants violated his First Amendment and Fourteenth Amendment rights; conspired against him, in violation of 42 U.S.C. § 1985(3); breached his employment contract; violated the New Mexico Whistleblower Protection Act; breached the implied covenant of good faith and fair dealing; conspired to deprive him of "the benefits associated with his good reputation and employment"; defamed him; and slandered him. (*Id.*) Defendants filed a 12(b)(6) motion to dismiss Mr. Valencia's complaint, arguing that Mr. Valencia's complaint violated Rule 8 of the Federal Rules of Civil Procedure. (Doc. 27 at 3.) In the alternative, Defendants asked the Court to require Mr. Valencia to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (*Id.* at 6.)

## II. LEGAL STANDARD

Rule 8 requires plaintiffs to "state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Specifically, Rule 8(a) instructs the plaintiff to plead for relief in a "short and plain statement," Fed. R. Civ. P. 8(a), while Rule 8(d) adds that each allegation in the complaint must be "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). Accordingly, something "written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs" would violate Rule 8. *See Mann*, 477 F.3d at 1148.

Of course, complaints don't need to be perfect. Courts should ignore the fat in a complaint, "bypass the dross and get on with the case." *See Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (internal citations omitted). If a case is unintelligible, however, a Court may dismiss the complaint under Rule 8. *See id.* "Length may make a

complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *See id.*; *see also Mann*, 477 F.3d at 1148 (applying *Garst* to say that "[i]n its sheer length, [Plaintiff] made her complaint unintelligible"). Indeed, "[i]t is not the district court's job to stitch together cognizable claims" from deficient pleading. *Mann*, 477 F.3d at 1148; *see also Garst* 328 F.3d at 378 ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). As the Second Circuit noted, "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988).

Finally, a Rule 8 violation is different from a failure to state a claim under Rule 12(b)(6). Even if a complaint sufficiently alleges enough facts to survive a 12(b)(6) motion to dismiss, a Court may still invoke Rule 8 to strike the complaint if the necessary facts are "scattered throughout the complaint." *See Mann*, 477 F.3d at 1147; *see also Ciralsky v. C.I.A.*, 355 F.3d 661, 671 (D.C. Cir. 2004) (holding that there was a Rule 8 violation even though plaintiff had pled more details than necessary to survive dismissal under Rule 12(b)(6)). Instead of dismissing based on 12(b)(6), the appropriate way to treat a complaint that violates Rule 8 is to dismiss the *complaint*—not the action, *see id.* at 667—pursuant to Rule 41(b). *See id.* at 669.

### III. DISCUSSION

Mr. Valencia's complaint spans 266 paragraphs in 56 pages. Mr. Valencia argues that the complaint's length is necessary to adequately plead his case. (Doc. 29 at 3–4.) But his argument runs counter to the unnecessary commentary rife throughout the complaint: "the OEO findings of probable cause . . . constitute nothing more than a bogus, uncorroborated,

3

overreaching, fantastic, and unreliable interpretation of the facts . . . ." (*see* Doc. 1 ¶ 81); "the apathetic attitudes of Peceny and Field did not change . . . ." (*see id.* ¶ 64); "[i]n a twist of irony, but in accordance with the manipulative and underhanded fashion UNM interpreted and enforced its policies . . . ." (*id.* ¶ 125). As written, the complaint reads more like a press release than a complaint, is prolix in detail, and lacks the simplicity, concision, and clarity necessary to comply with Rule 8. As a result, the complaint buries "in a morass of irrelevancies the few allegations that matter," *see Garst*, 328 F.3d at 378, and unduly burdens the Court and Defendants, who must "select the relevant material from a mass of verbiage," *Salahuddin*, 861 F.2d at 42.

Additionally, the complaint also leaves the Court confused about who did what to whom. The complaint refers at various points to "institutional Defendants." (Doc. 1 ¶¶ 155, 161–64.) In context, "institution" normally means "an established organization or corporation (such as a bank or university) especially of a public character." *Institution*, merriam-webster.com, https://www.merriam-webster.com/dictionary/institution (last visited Sept. 24, 2017). Applying the normal definition of "institution," one would think that Mr. Valencia meant UNM's Board of Regents when he referred to "institutional Defendants." But as Mr. Valencia reveals at the bottom of page 35 of the complaint, he actually defined "institutional Defendants" as the individuals "named in their individual capacity." (*See* Doc. 1 ¶ 146.) So the only way to make some sense of who did what to whom is to catch that in paragraph 146, on pages 35–36 of the complaint, Mr. Valencia had defined "institutional Defendants" as essentially the opposite of its dictionary definition. The Court can't help but agree with Defendants when they say that "Defendants should not have to file a motion and await a response for the explanation that the key to interpreting the 14 Counts is buried in one sentence half-way through a fifty-six page Complaint." (Doc. 34 at 4.)

Even plugging in Mr. Valencia's key, the complaint still lacks clarity. In count seven, Mr. Valencia says that "*all* Defendants engaged in a conspiracy motivated by a gender-based, race-based, or national origin-based animus." (Doc. 1 ¶ 200 (emphasis added).) But two paragraphs later, in the same count, he says that "in this particular case, Defendants Kabella, Scearce, Tacea, Ahmed, Leister, Morris, Sena, and Olguin conspired to thwart a fair . . . investigation . . . ." (*Id.* ¶ 202.) So who is allegedly guilty of conspiracy under count seven, all the defendants or just the ones named? In count ten, Mr. Valencia says that "the retaliatory acts of *Defendants* constitute violations . . . ." (*Id.* ¶ 229 (emphasis added).) But the Court searches in vain to find who, besides The Board of Regents, were the other defendants accused in count ten. Mr. Valencia finally confirms in his response that by "Defendants," he meant just one defendant—The Board of Regents. (*See* Doc. 29 at 7.)

Mr. Valencia's complaint, by being unnecessarily prolix, disorganized, and confusing, fails to comply with Rule 8. Mr. Valencia says that he amended his complaint to clarify which Defendants are sued under each count.[1] (Doc. 49 at 2.) That change alone, however, would not save the complaint since the complaint also violates Rule 8 by being unnecessarily lengthy and disorganized. To prevent Defendants and the Court from bearing the burden of sorting out Mr. Valencia's claims, and to facilitate more manageable litigation, the Court invokes Rule 41(b) to dismiss Mr. Valencia's complaint without prejudice. Mr. Valencia has 21 days to file an amended complaint that complies with Rule 8.

Defendants argue that Mr. Valencia's complaint does not give them "fair notice of the facts alleged." (*See* Doc. 27 at 4.) The Court agrees, which is why the Court believes Defendants cannot know whether Mr. Valencia has actually alleged facts sufficient to state a

---

[1] Mr. Valencia has not filed his proposed amended complaint with the Court, in violation of the Local Rules of Civil Procedure. *See* D.N.M. LR-Civ. 15.1.

claim. As such, the Court denies Defendants' 12(b)(6) motion as premature at this time. Having dismissed Mr. Valencia's complaint under Rule 8, the Court need not address Defendants' Rule 12(e) argument.

**THEREFORE**,

The Court **DENIES** Defendants' motion to the extent Defendants ask for dismissal under Rule 12(b)(6), but the Court **GRANTS** Defendants' motion to the extent Defendants ask for dismissal of the complaint, without prejudice, for violating Rule 8. Mr. Valencia has 21 days to file an amended complaint that complies with Rule 8.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**