IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER VALENCIA,

    Plaintiff,

v.                                           Cause No. 1:17-cv-00509-RB-SCY

THE BOARD OF REGENTS, University
of New Mexico, ROBERT FRANK, in his individual
capacity, CHAOUKI ABDALLAH, in his individual
capacity, CAROL PARKER, in her individual capacity,
MARK PECENY, in his individual capacity, LES
FIELD, in his individual capacity, RONDA BRULOTTE,
ERIN DEBENPORT, LINDSAY SMITH, FRANCIE
CORDOVA, in her individual capacity, LAURA LYNN
BUCHS, in her individual capacity, HEATHER COWAN,
in her individual capacity, AARON JIM, in his individual
capacity, ALEXDANDRA TACEA, KAYLA AHMED,
DANIELLE KABELLA, JOE SCEARCE, LAURA
MORRIS, JULIA FULGHUM, in her individual
capacity, ALBERT SENA, DENNIS OLGUIN, and
SARAH LEISTER,

    Defendants.

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF THEIR MOTION TO DISMISS**

COME NOW Defendants the Board of Regents, University of New Mexico, Robert Frank, Chaouki Abdallah, Carol Parker, Mark Peceny, Les Field, Ronda Brulotte, Lindsay Smith, Francie Cordova, Laura Lynn, Heather Cowan, Aaron Jim, Alexandra Tacea, Danielle Kabella, Albert Sena, Dennis Olguin, Sarah Leister, Julia Fulghum, Erin Debenport, Kayla Ahmed, Joe Scearce, and Laura Morris ("Defendants"), by and through their counsel of record, Miller Stratvert P.A. (Paula G. Maynes), and submit this Memorandum in Support of their Second Motion to Dismiss. In support of their Motion, Defendants state as follows:

## I. BACKGROUND

Plaintiff Christopher Valencia filed his complaint alleging damages for various violations of constitutional rights ("Complaint") on May 1, 2017. Plaintiff named a total of twenty-two (22) entities or individuals as defendants to this matter, and all twenty-two (22) Defendants are represented by the undersigned counsel.

On June 8, 2017, Defendants filed their Motion to Dismiss and Alternatively, a Motion for More Definite Statement. [Doc. 26]. The Motion for More Definite Statement was granted by a Memorandum Opinion and Order issued on September 26, 2017. [Doc. 50]. In granting the Motion, this Court observed that Plaintiff's Complaint "reads more like a press release than a complaint, is prolix in detail, and lacks the simplicity, concision, and clarity necessary to comply with Rule 8." *Id.* p. 4. Further, this Court noted that substantial ambiguity existed regarding which Defendant faced which of Plaintiff's claims, and the Court determined that "[e]ven plugging in Mr. Valencia's [named Defendant] key, the complaint still lacks clarity." *Id.* p. 5. Ultimately, the Court gave Plaintiff 21 days to file an amended complaint. *Id.* p. 6. However, Plaintiff's efforts to clarify which Defendant is named in each count of his Complaint does not cure Plaintiff's Rule 8 problem because the Complaint is still "unnecessarily lengthy and disorganized." *Id.*

On October 13, 2017, Plaintiff filed his forty-six (46) page, 340 paragraph, Second Amended Complaint. [Doc. 55]. The Second Amended Complaint continues to make claims for violations of Constitutional Rights Related to the First Amendment and Retaliation, Equal Protection, Procedural and Substantive Due Process, Conspiracy (42 U.S.C. §§ 1983 and 1985), violations of the New Mexico Whistleblower Protection Act, Breach of Express and Implied Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, and New Mexico Common Law claims for Defamation, Civil Conspiracy, and Slander Per Se. [Doc. 55].

Plaintiff's Second Amended Complaint is still prolix in detail, is not concise, and still requires the use of a key at paragraphs 204 and 266 to determine the targets of the majority of Plaintiff's claims. As a result, Defendants face an insurmountable challenge to answer the Complaint on behalf of twenty-two (22) Defendants. Due to the length of Plaintiff's Second Amended Complaint, and its lack of conciseness and simplicity, the Second Amended Complaint should be dismissed or, at the very least, Plaintiff should be ordered to amend his complaint, again.

## II.   POINTS AND AUTHORITIES

**Plaintiff's Second Amended Complaint should be dismissed because he has violated the general pleading requirements of the Federal Rules of Civil Procedure, creating an impossible task for twenty-two Defendants to answer his Complaint.**

Plaintiff's Second Amended Complaint violates the general pleading requirements of Fed. R. Civ. Proc. 8(a), and should therefore be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6). Pleadings that state a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a) (2014). Plaintiff's Second Amended Complaint is far from containing a "short and plain statement of the claim" and, therefore, violates Rule 8(a).

The purpose of the general pleading requirements is to ensure that plaintiffs state their claims clearly so as to inform defendants of the legal claims being asserted against them. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2011) ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."). A plaintiff's complaint must provide the named defendants with "fair notice and a meaningful opportunity to file a responsive pleading." *Greene v. Horizon/CMS Healthcare Corp.*, CIV. 97-114JP/DJS, 1998 WL 2030956, at *1 (D.N.M. July 13, 1998). When the general pleading requirements are not met, a court may dismiss a plaintiff's complaint for

failure to state a claim upon which relief may be granted. *Mann*, 477 F.3d at 1148 (affirming the district court's dismissal of a plaintiff's complaint pursuant to Rule 12(b)(6) because the court was unable to decipher the plaintiff's allegations). "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Such length "may doom a complaint by obfuscating the claim's essence. *See In re Westinghouse Securities Litigation*, 90 F.3d 696, 702–03 (3d Cir.1996) (affirming dismissal of plaintiffs' second amended complaint containing 600 paragraphs and spanning 240 pages as being "unnecessarily complicated and verbose."); *Kuehl v. FDIC*, 8 F.3d 905, 906, 908–09 (1st Cir.1993) (affirming dismissal of several plaintiffs' second amended version of their complaint which was 358 paragraphs in only 43 pages and concluding that the plaintiffs were "culpable for more than simply an overwritten complaint" given that they had failed to adhere to the court's order requiring them to amend their complaint and conform "to the *concise* pleading requirements of Rule 8(a).") (emphasis in original); *Michaelis v. Nebraska State Bar Association*, 717 F.2d 437, 439 (8th Cir.1983) (affirming dismissal of a plaintiff's amended complaint consisting of 144 paragraphs in 98 pages following his "persistence in refusing to conform his pleadings to the requirements of Rule 8…")." *Id.*

Plaintiff has failed to adhere to the requirements of Rule 8(a)(2). Such requirements ensure the "clarity and brevity" of the federal pleading rules. *Ciralsky v. C.I.A.*, 355 F.3d 661, 669 (D.C. Cir. 2004). Plaintiff's original Complaint was fifty-eight (58) pages long, consisting of 266 numbered paragraphs. Now, Plaintiff's Second Amended Complaint is forty-six (46) pages long, but consists of 340 paragraphs. What follows from such a lengthy Complaint is a logistical nightmare for twenty-two Defendants to answer each individual paragraph. If Defendants are required to each answer the Second Amended Complaint, 7,480 paragraphs will be answered in

total. To discuss each paragraph with each defendant for one minute will take 340 minutes, or approximately five and a half hours. Further, each paragraph must then be individually answered and, allowing for one minute to answer every one of the 7,480 paragraphs, the defense could reasonably spend approximately 250 hours in answering Plaintiff's Second Amended Complaint as written. "Pragmatic matters" such as time and expense in answering an overly detailed complaint is sufficient enough reason to dismiss an amended complaint. *Newman v. Com. of Mass.*, 115 F.R.D. 341, 344 (D. Mass. 1987). Therefore, as such a burdensome task was not contemplated when Rule 8 was written to require "a short and plain statement of the claim," the complaint should be dismissed.

Plaintiff's Second Amended Complaint further adds to the difficult task of answering the Complaint by using keys to decipher the specific Defendants certain Counts are against. *See* e.g. Second Amended Complaint at ¶ 199 ("…and the interests of the individually-named Defendants set forth in paragraph 204 below…"); ¶ 206 ("…and the individual Defendants specifically named in paragraph 204…"); ¶ 208 ("…punitive damages against the individually-named Defendants set forth in paragraph 204…"); ¶¶ 210, 211 ("…and the individual Defendants named in paragraph 204…"); ¶ 220 ("Defendants, those named in paragraph 204…"); ¶ 221 ("… and grossly reckless conduct of the Defendants named in paragraph 266"); *see also* Second Amended Complaint at ¶¶ 223, 229, 240, 241, 242, 244, 245, 246, 248, 249, 250, 255, 256, 259, 261, 262, 263, and 265. Although Plaintiff could simply name the Defendants targeted in each Count, Defendants (and the Court) are left to refer to a key system, again, to decipher which Defendant is included in the claim. This needless chore adds additional time and confusion to an already monumental task.

The deficient pleading of facts and claims results in overly burdening Defendants and would cause an unnecessarily lengthy and confusing answer containing a specific paragraph for

each Defendant in response to each allegation. The Second Amended Complaint violates the Order issued on September 26, 2017 requiring a shorter complaint as the current Complaint is still "unnecessarily lengthy." This Court should dismiss Plaintiff's Compliant pursuant to Rule 12(b)(6) under these circumstances.

## CONCLUSION

Plaintiff has failed to comply with the general pleading requirements of the Federal Rules of Civil Procedure and has filed a Second Amended Complaint inconsistent with the Court's September 26, 2017 Memorandum Opinion and Order. Accordingly, this Court should dismiss Plaintiff's Complaint. Should the Court determine that dismissal is not appropriate at this time, Defendants requests, in the alternative, that the Court direct Plaintiff to serve a more definite statement which is short and concise. As written, the Second Amended Complaint creates approximately 250 attorney hours of work and would be unnecessarily costly to answer.

Respectfully submitted,

MILLER STRATVERT P.A.

By: __/s/ Luke A. Salganek__
    Paula G. Maynes
    Luke A. Salganek
    Max Jones
    P.O. Box 1986
    Santa Fe, New Mexico 87504
    Telephone: (505) 989-9614
    Facsimile: (505) 989-9857
    pmaynes@mstlaw.com
    Attorneys for Defendants

I HEREBY CERTIFY that on the 27th day of October, 2017, I filed the foregoing pleading through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Attorney for Plaintiff
Michael E. Mozes
Attorney for Plaintiff Valencia
5732 Osuna Road NE
Albuquerque, NM 87109-2527
(505) 880-1200
(505) 881-2444
michael@mozeslawoffice.com


 */s/ Luke A. Salganek*
Luke A. Salganek

\\abq-tamarack\prodata\006352-049386\pleadings\3313026.docx