## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER VALENCIA,

      Plaintiff,

v.                                   No. CIV 17-0509 RB/SCY

THE BOARD OF REGENTS, University of New
Mexico, ROBERT FRANK, in his individual capacity,
CHAOUKI ABDALLAH, in his individual capacity,
CAROL PARKER, in her individual capacity, MARK
PECENY, in his individual capacity, LES FIELD, in
his individual capacity, RONDA BRULOTTE, ERIN
DEBENPORT, LINDSAY SMITH, FRANCIE CORDOVA,
in her individual capacity, LAURA LYNN BUCHS, in
her individual capacity, HEATHER COWAN, in her
individual capacity, AARON JIM, in his individual capacity,
ALEXANDRA TACEA, KAYLA AHMED, DANIELLE
KABELLA, JOE SCEARCE, LAURA MORRIS, JULIA
FULGHUM, in her individual capacity, ALBERT SENA,
DENNIS OLGUIN, and SARAH LEISTER,

      Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Review of Clerk's Order Settling Costs, filed on August 6, 2020. (Doc. 233.) Having considered the submissions of counsel and relevant law, the Court **GRANTS** the motion.

### I.    Background

On May 14, 2020, the Court granted in part two of Defendants' motions for summary judgment, dismissing with prejudice Mr. Valencia's federal claims. (*See* Doc. 220 at 17–18.) The Court declined to exercise supplemental jurisdiction over the remaining state law claims and thus denied as moot the remainder of those two motions as well as a third motion for summary judgment. (*See id.*) Denying the remaining pending motions as moot, the Court then dismissed the

case. (*See id.* at 18.) Mr. Valencia has appealed the Court's decision (along with an earlier decision granting a motion to dismiss) to the Tenth Circuit. (Doc. 224.)

On June 1, 2020, Defendants filed a Request for Court Clerk to Tax Their Cost Bill pursuant to Federal Rule of Civil Procedure 54(d), seeking taxation of expenses necessary to the litigation as the prevailing party. (Doc. 222.) In accordance with Local Rule 54.1, Defendants attached an itemized cost bill and an affidavit by Defendants' counsel, Paula G. Maynes, declaring that the itemized costs are allowable by law, correctly stated, and necessary to Defendants' litigation of the lawsuit. (*Id.*; *see also* Doc. 223.)

Defendants requested $11,042.83 in deposition costs and $222.49 in miscellaneous costs, for a total of $11,265.32 in total costs. (Doc. 222 at 2–3.) On July 30, 2020, the Clerk of the Court reviewed Defendants' itemized costs and entered an order setting the allowed costs at $5,849.65. (Doc. 232.) The Clerk determined that of the 23 deponents listed, eight were "reasonably necessary to the litigation" because they "were exhibits in support of or opposition to the parties' summary judgment pleadings . . . ." (*Id.* at 2.) As the remaining 15 depositions "were not cited by either party in the filings in support of or opposition to the motions for summary judgment[,]" the Clerk found that they were not reasonably necessary and disallowed those costs. (*Id.*) Defendants move the Court to review the Clerk's order. (Doc. 233.) Mr. Valencia opposes the motion. (Doc. 234.)

## II.    Legal Standard

Under Federal Rule of Civil Procedure 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." Categories of taxable costs are specified by statute. *See* 28 U.S.C. § 1920. To obtain a cost award, the prevailing party must provide notice to the Court and the opposing party. *See* Fed. R. Civ. P. 54(d). After the opposing party has an opportunity to object, the Clerk taxes costs. *See id.* The opposing party may move for the Court to review the Clerk's

order awarding costs. *Id.* The Court reviews the Clerk's assessment of costs de novo. *Furr v. AT&T Techs.*, 824 F.2d 1537, 1550 n.11 (10th Cir. 1987).

"Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995) (citations omitted). If a court denies costs, "it must provide a valid reason . . . ." *Id.* (citations omitted). The Tenth Circuit has held that courts may deny costs to a prevailing party where: (1) the party was only partially successful; (2) the party was "obstructive and acted in bad faith during the course of the litigation"; (3) damages were nominal; (4) the non-prevailing party was indigent; (5) the costs were unreasonably high or unnecessary; (6) the recovery was insignificant; or (7) the issues were particularly close or difficult. *Id.* (citations omitted).

The prevailing party bears the burden of showing that it is entitled to the claimed costs and that they are reasonable. *In re Williams Secs. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009). Once the prevailing party meets its burden, "the burden shifts to the 'non-prevailing party to overcome' the presumption that [the] costs will be taxed." *Id.* (quoting *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004)).

## III.   Discussion

Defendants contend that all 23 depositions—including the 15 for which the Clerk disallowed costs—were reasonably necessary to the litigation. (*See* Doc. 233 at 3.)

### A.   Named Defendants

First, Defendants note that 12 of the 15 deponents were named defendants.[1] (*Id.* at 3–4

---

[1] Defendants discuss Leister in the next section of their brief, regarding witnesses named in the Joint Status Report. (Doc. 233 at 4–5.) However, they argue that Leister's deposition costs should be allowable both because she was named in the Joint Status Report *and* because she was a named defendant whom Mr. Valencia requested to depose. (*Id.*)

(discussing Morris, Smith, Ahmed, Kabella, Debenport, Tacea, Scearce, Jim, Cowan, Parker, Fulgum, and Leister).) In *Mashburn v. Albuquerque Police Dep't*, the court found that the deposition of Raymond Schultz, a named defendant, was reasonably necessary, even though neither party nor the court cited it at the summary judgment stage. No. CV 03-747 JH/RLP, 2005 WL 8163931, at *4 (D.N.M. Apr. 22, 2005). The court opined that "[h]aving sued Schultz as an individual defendant in the case and having actually taken his deposition, Plaintiff cannot now argue that his deposition was not reasonably necessary to the litigation." *Id.* "It would be unfair to deny the Defendants recovery of the cost of the deposition transcript of a party to the case, even if that transcript was not utilized in the summary judgment briefing." *Id.*

The same is true here. "It was Plaintiff's own choice[,]" Defendants argue, "to name and sue 20 individual defendants . . . ." (Doc. 233 at 3.) Moreover, Defendants contend that they "persistently . . . tried to have the non-administrative individual defendants dismissed from the lawsuit." (*Id.*) Indeed, Defendants have filed six opposed motions to dismiss throughout the pendency of this litigation. (Docs. 26; 57; 77; 112; 116; 118.) Mr. Valencia could have voluntarily dismissed any of these named defendants in any of the four iterations of his complaint, but he did not. (*See* Docs. 1; 55; 76; 83.)

In response, Mr. Valencia refers to only three of the named defendants—Tacea, Scearce, and Leister. (Doc. 234 at 2.) He argues that these depositions were not necessary on summary judgment, because these Defendants were dismissed in November 2019, three months prior to their depositions. (*Id.* (citing Doc. 138 at 31).) Thus, they were not "Defendants at the time of being deposed." (*Id.*) This may be true, but it was Mr. Valencia who requested the depositions. (*See* Doc. 235 at 2.) *See Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1204 (10th Cir. 2000) (allowing costs of depositions of named defendants that the non-prevailing party had requested and taken).

The Court finds in favor of Defendants regarding the 12 named defendants and will allow costs for these depositions.

**B.      Deponents identified as witnesses in the Joint Status Report**

Next, Defendants assert that the depositions for the remaining three[2] deponents should be allowed because Mr. Valencia identified them as witnesses in the Joint Status Report. (Doc. 233 at 4 (citing Doc. 42 at 10–11, 13) (discussing Brause, Topash-Caldwell, Suazo).) Specifically, Mr. Valencia stated that Brause and Topash-Caldwell have "knowledge regarding faculty withholding of support, divulging of confidential information, pressuring students to remove Valencia from committees and filing complaints against him[,]" and Sauzo has "knowledge regarding violation of policies and procedures, differential treatment, EEO investigations, and divulging confidential information." (Doc. 42 at 10–11, 13.)

Mr. Valencia argues that the "mere identification of a witness in the Joint Status Report" is insufficient to show that a deposition is reasonably necessary. (Doc. 234 at 2.) This is particularly true here, Mr. Valencia asserts, where the parties listed 95 potential witnesses. (*Id.*; *see also* Doc. 90.) The Court agrees that a prevailing party must do more than show that a deponent was listed as a potential witness, where so many potential witnesses were named.

Defendants note, however, that it was Mr. Valencia who took the deposition of Mr. Suazo, who "was one of two investigators working on [Mr. Valencia's] final OEO complaint . . . ." (Doc. 235 at 4.) *See Mitchell*, 218 F.3d at 1204. Defendants also explain that Brause and Topash-Caldwell were Mr. Valencia's "former graduate students who supported [his] appeal of the Department wide OEO investigation and, ultimately supported his appeal of his termination."

---

[2] Because the Court agrees that Leister's deposition is allowable under Defendants' first argument, it will omit any reference to her in this section.

(Doc. 235 at 4.) As "hostile witnesses with personal knowledge of [Mr. Valencia's] interactions with students[,]" Defendants assert that these two witnesses were "reasonably necessary." (*See id.*) The Court finds that the depositions of two witnesses sympathetic to Mr. Valencia were reasonably necessary for use in this lawsuit.

## IV.    Conclusion

Mr. Valencia argues that under Local Rule 54.2(b), costs are only "reasonably necessary" if "(1) the deposition was admitted into evidence; (2) used at trial for impeachment; or (3) used by the Court in ruling on a motion for summary judgment." (Doc. 234 at 2–3 (citing *Quest Corp. v. City of Santa Fe*, No. CV 10-0617 RB/KBM, 2014 WL 12731992, at *2 (D.N.M. Oct. 15, 2014)).) This definition omits one key provision of the rule, which also provides that depositions are reasonably necessary when "the Court so determines." D.N.M. LR-Civ. 54.2(b)(2)(C). The Court finds that the disputed depositions were reasonably necessary where Mr. Valencia requested them, where they were named defendants, where one witness was an investigator with intimate knowledge of the OEO complaint at issues, and where two witnesses were sympathetic to the non-prevailing party and had personal knowledge of relevant events.

The Court finds that Defendants have met their burden to demonstrate that the remaining 15 depositions were reasonably necessary, the costs are taxable, and the amounts are reasonable. Mr. Valencia has failed to offer valid reasons to "overcom[e] the presumption in favor of awarding costs." *See N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, No. CV 12-526 MV/GBW, 2020 WL 1466330, at *2 (D.N.M. Mar. 26, 2020), R&R adopted, 2020 WL 1853048 (Apr. 13, 2020) (citation omitted). Accordingly, the Court will **GRANT** Defendants' motion and allow $5,193.18 for the costs and depositions of Morris, Smith, Suazo, Ahmed, Kabella, Debenport, Leister, Brause, Topash-Caldwell, Tacea, Scearce, Jim, Cowan, Parker, and

Fulghum, and $112.49[3] in service fees and witness fees for the depositions of Brause and Topash-Caldwell, for a total of $5,305.67.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Review of Clerk's Order Settling Costs (Doc. 233) is **GRANTED** and the previously disallowed costs in the amount of **$5,305.67** are taxed against Mr. Valencia and in favor of Defendants.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[3] This amount reflects the standard attendance fee of $40.00 per day pursuant to title 28 U.S.C. 1821(b). (*See* Doc. 232 at 3.)